IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL FEDERATION OF     *
THE BLIND, INC, *et al.*,
                                                   *

    *Plaintiffs*,

                                                   *    No. 1:19-CV-02228-SAG
   v.
                                                   *

LINDA H. LAMONE, *et al.*,
                                                   *

    *Defendants*.

                                     * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE EXCESS PAGES**

Defendants Linda H. Lamone, State Administrator of Elections, and Michael R. Cogan, Patrick J. Hogan, Kelley A. Howells, Malcolm R. Funn, and William G. Voelp, Members of the State Board of Elections (the "State Board"), all sued in their official capacities, respectfully submit this response to the Plaintiffs' Motion for Leave to File Excess Pages (the "Motion for Leave") (ECF No. 39).

Plaintiffs' desire for extra pages for their reply (the "Reply") in support of their Motion for Preliminary Injunction (the "PI Motion") (ECF No. 21) is understandable. After the filing of Defendants' Opposition to the PI Motion (the "Opposition") (ECF No. 24), plaintiffs sought and obtained leave to take 4 depositions (one of which was an out-of-state third party deposition), and pursue document discovery from two different entities, creating a substantial discovery record on which to draw in preparing their Reply.  But on its face, this newly created discovery record also provides grounds for the filing of a sur-

reply. *See, e.g.*, *Wommack v. Ceres Terminals, Inc.*, No. CV JKB-19-1720, 2019 WL 4393136, at *3 (D. Md. Sept. 13, 2019) (granting leave for filing of sur-reply were original movant "submitted new evidence with its reply brief"); *Doyle v. Hogan*, No. CV DKC 19-0190, 2019 WL 3500924, at *6 (D. Md. Aug. 1, 2019) (granting leave to plaintiff to file sur-reply where defendant relied in reply brief on plaintiff's deposition and discovery responses that were not available at time of filing of original motion).[1] Defendants are not opposed in principle to plaintiffs' request for extra pages to argue these newly developed facts. But under these circumstances, defendants could not consent to that request without plaintiffs' consent to the same opportunity for defendants in a sur-reply. Defendants are willing to consent to plaintiffs' request for extra pages and withdraw their opposition, if the Court is willing to grant defendants leave to file a sur-reply.

## CONCLUSION

For the foregoing reasons, if the Court grants plaintiffs' Motion for Leave it should also grant leave to defendants to file a sur-reply in support of their Opposition.

---

[1] Plaintiffs dispute that a sur-reply is warranted because their Reply "will not raise any new arguments or issues in their reply memorandum." Mot. for Leave 1. But the law of this Circuit is that a "Court may choose to grant leave to file a surreply *where new evidence or* a new legal theory is raised in reply." *Groth v. Nakasone*, No. CV JKB-16-2569, 2019 WL 3254602, at *12 (D. Md. July 18, 2019) (citing *F.D.I.C v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013)) (emphasis added).

        Respectfully submitted,

        BRIAN E. FROSH
        Attorney General of Maryland

        /s/ Andrea W. Trento
        _____
        JULIA DOYLE BERNHARDT
        Assistant Attorney General
        Bar No. 25300
        ANDREA W. TRENTO
        Assistant Attorney General
        Bar No. 28816
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland 21202
        (410) 576-6472
        (410) 576-6955 (facsimile)
        jbernhardt@oag.state.md.us
        atrento@oag.state.md.us

December 18, 2019      Attorneys for Defendants